UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER HALL, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>FANTASIA TRADING LLC, *a California limited liability company*, and POWER MOBILE LIFE LLC, *a Washington limited liability company doing business as* Anker Innovations,<br><br>Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:  7/11/2025<br><br>1:25-cv-5505-MKV<br><br>ORDER TO SHOW CAUSE |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Christopher Hall initiated this putative class action by filing a complaint against Defendants Fantasia Trading LLC and Power Mobile Life LLC [ECF No. 1 ("Cmpl.")]. Plaintiff, who asserts only state law claims, invokes the Court's jurisdiction "pursuant to 28 USC 1332(d)," alleging that "at least one Class member is a citizen of a state different from the Defendant [sic]." Cmpl. ¶ 17. However, Plaintiff does not properly allege subject matter jurisdiction.

The Court has an "obligation to determine whether federal jurisdiction exists." *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012); *see also Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361–62 (2d Cir. 2000). "Furthermore, it is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating" that jurisdiction exists. *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (cleaned up). Although "[section] 1332(d)(2) requires only minimal diversity of the parties," the plaintiff must allege that such minimal diversity exists. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006).

Here, Plaintiff apparently attempts to invoke section 1332(d)(2)(A), which requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see* Cmpl. ¶ 17 (alleging that "at least one Class member is a citizen of a state different from the Defendant [sic]."). However, Plaintiff apparently fails to properly allege the citizenship of either Defendant Fantasia Trading LLC or Defendant Power Mobile Life LLC, both of which appear to be limited liability companies.

Specifically, the Complaint asserts that "Fantasia Trading *LLC* is a Delaware *corporation* with its principal place of business" in California. Cmpl. ¶ 14 (emphases added). With respect to Power Mobile Life LLC, the Complaint alleges that the defendant is a "Washington limited liability company . . . headquartered in in Bellevue, Washington." Cmpl. ¶ 15. However, to allege the citizenship of an LLC, a plaintiff must plead the citizenship of every member of the LLC. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 51–52 (2d Cir. 2000). Here, the Complaint says nothing about the members of either defendant.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file a letter by July 15, 2025 showing cause why this case should not be dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

**Date:  July 11, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**